1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CALACSAN et al.,

      Plaintiffs,

  v.

 AMERICAN HOME MORTGAGE
ACCEPTANCE ET AL,

      Defendant.

_____/

No. C 11-03455 CRB

**ORDER DENYING TEMPORARY
RESTRAINING ORDER**

      Pro se Plaintiffs Luisa and Democreto Calacsan did not file a separate application for a temporary restraining order, but included on the final page of their Complaint a single line asking that the Court "issue a Temporary Restraining Order." See dkt. 1 at 7. This case was just reassigned to the undersigned, and the Court came across Plaintiffs' request in reviewing Plaintiffs' *in forma pauperis* applications.[1] It will therefore construe that request as an application for a TRO.

      Nonetheless, the application for a TRO is DENIED, because it does not meet the requirements for relief. See generally Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L. Ed. 2d 249 (2008); Alliance for Wild Rockies v. Cottrell, No. 09-35756, 2010 WL 3665149, *8 (9th Cir. Sept. 22, 2010).

---

[1] The Court is granting those applications to proceed *in forma pauperis* by separate order.

In this Circuit "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the <u>Winter</u> test are also met." <u>Alliance for the Wild Rockies</u>, 622 F.3d at 1052. Here, the Court recognizes that the balance of the hardship tips in favor of Plaintiffs, but it is not convinced that they have raised serious questions going to the merits in their assertion that MERS lacked the authority to instruct Fidelity Titled National Title Company to start the foreclosure procedure. The Deed of Trust attached to Plaintiffs' Complaint states that "MERS (as nominee for Lendor and Lendor's successor and assigns) has the right . . . to foreclose and sell the Property." <u>See</u> dkt. 1 at 10. California law explicitly permits the holder of a note to authorize a third party to commence foreclosure proceedings. Cal. Civ. C. § 2924(a)(1) (foreclosure proceedings are commenced when a trustee, mortgagee, or beneficiary, or any of their authorized agents files a notice of default); <u>see also</u> <u>Castillo v. Skoba</u>, No. 10cv1838 BTM (WMc), 2010 WL 3731113, at *1 (S.D. Cal. Sept. 7, 2010) (discussing MERS's authority to assign beneficial interest and foreclose). Moreover, there is no requirement in California that MERS produce the note or show its chain of ownership in order to commence foreclosure proceedings. <u>See</u> <u>Roque v. Suntrust Mortg., Inc.</u>, No. 09-cv-00040, 2010 U.S. Dist. LEXIS 11546, at *8 (N.D. Cal. Feb. 9, 2010).

In addition, the Court is uncertain whether the "two other two elements" of <u>Winter</u> have been met. The Complaint alleges that "Defendants started to conduct a non-judicial foreclosure" and that "the removal of the Plaintiff[s] from their property would cause great and irreparable injury in that real property is unique." <u>See</u> dkt. 1 ¶ 27. But the Complaint was filed on July 14, 2011 and – through no fault of Plaintiffs' – the Court has only just reviewed it. The Court has tried to contact Plaintiffs to inquire about the status of the foreclosure, but (1) Plaintiffs did not provide the Court with a telephone number where they can be reached, and (2) when the Court called a telephone number that it found on its own, a message stated that the mailbox is full, and the Court was unable to leave a message. The Court notes that Plaintiffs list a $600 monthly rent expense in their *in forma pauperis* applications, <u>see</u> dkt. 2 at 3; dkt. 3 at 3, and so it appears as though they might already be

2

living outside of the home.  If that is the case, the injury Plaintiffs seek to avert – "the removal of the Plaintiff[s] from their property" – has already taken place.

Accordingly, injunctive relief is not appropriate at this time.  Plaintiffs' application for a TRO is DENIED.  If Plaintiffs seek to pursue injunctive relief, they are instructed to file a motion for a preliminary injunction (or a stand-alone application for a TRO) and serve the defendants.

**IT IS SO ORDERED.**

Dated: August 18, 2011

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

G:\CRBALL\2011\3455\order denying TRO.wpd

3